```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EDWARDS COLLINS,<br><br>           Petitioner,<br><br>      v.<br><br>ATLANTIC COUNTY SUPERIOR<br>COURT, et al.,<br><br>           Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-0940 (JBS)<br><br>**OPINION** |

APPEARANCES:

Edward Collins, Petitioner pro se
#32619
Salem County Correctional Facility
125 Cemetery Road
Woodstown, NJ 08098

**SIMANDLE, Chief Judge:**

I.     **INTRODUCTION**

　　　Petitioner Edward Collins filed an *in forma pauperis* application and a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Atlantic County Superior Court's denial of bail. (Petition, Docket Entry 1). Based on Petitioner's affidavit of indigency, the Court will grant the *in forma pauperis* application. For the reasons expressed below, the petition is denied without prejudice.

## II. BACKGROUND

Petitioner was placed on probation for one-year after pleading guilty to a disorderly persons offense in Atlantic County. (Exhibits, Docket Entry 1-2 at 1). In September 2012, while he was still on probation, Petitioner was charged with kidnapping in Cumberland County and was held on $300,000 bail. (Id. at 2). In December, Petitioner learned that Atlantic County had issued a no-bail detainer charging him with violating his probation. (Id.). As a result of the detainer, Petitioner was unable to be bailed out of jail. He reached out to the Atlantic County Superior Court, but it did not respond to Petitioner's inquiry except to advise him to speak with an attorney. (Id.). Petitioner discussed the detainer with the attorney representing him on his Cumberland County charges and was advised that the attorney would "look into it." (Id.).[1]

Petitioner continued to contact Atlantic County regarding the detainer, and in May 2013, he learned that the court had not received his 5A form.[2] He resent the form and was given Public Defender representation. (Id. at 7-8). Counsel filed a bail motion in Atlantic County on November 21, 2013. (Id. at 8). In

---

[1] Petitioner alleges his Cumberland County attorney never looked into the detainer, (Exhibits at 2), and the exhibits indicate that Petitioner later fired the attorney, (id. at 17).
[2] A 5A form is used to determine eligibility for Public Defender representation.

2

the meantime, Petitioner pled guilty to the Cumberland County charges with the understanding that "the warrant out of Atlantic County would be taken care of, all of [his] probation was included, there was to be no objections to a supervision program, and all [his] charges were included." (Id. at 2). The Cumberland County court adjusted Petitioner's bail to $15,000 with a ten-percent option; however, he was still unable to be bailed out due to the no-bail detainer from Atlantic County. (Id. at 3).

Petitioner asserts he has been unable to address the bail detainer with the Atlantic County courts. (Id. at 3). He asks the Court to order him released on his own recognizance and to order the Atlantic County Court to hold a hearing on his violation of probation charge. (Petition ¶ 15).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

3

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV.   DISCUSSION**

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court,[3] *see Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;

---

[3] At the time the petition was filed, Petitioner had not been sentenced by either the Cumberland or Atlantic County courts. The exhibits attached to petition indicates sentencing was scheduled for February 28, 2014, two weeks after the petition was submitted. (Exhibits at 11). Petitioner has not contacted the Court since the petition was submitted.

4

> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443.

Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. Although Petitioner asserts the Atlantic County Court has not been responsive to his requests for hearings on his bail motions or violation of probation charge, in order to be deemed exhausted "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). Petitioner has made no showing that he has attempted to bring his claims before the Appellate Division or New Jersey Supreme Court. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly

5

functioning of state criminal processes." *Moore*, 515 F.2d at 449.

As Petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the petition will be dismissed without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254 after he has exhausted his state court remedies.

## V. CONCLUSION

For the reasons expressed above, this Court will dismiss the petition. An accompanying Order will be entered.

| | |
|---|---|
| **April 20, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

6